UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD HOWARD

    Plaintiffs,

                              Case No. 05-CV-74456

vs.                           HON. GEORGE CARAM STEEH

MACOMB COUNTY SHERIFF
DEPARTMENT et al.,

    Defendants.

_____/

ORDER GRANTING DEFENDANT LAMBERT, COHOE AND BALCH'S MOTION FOR SUMMARY JUDGMENT (DOC. # 26) AND DEFENDANT MACOMB COUNTY SHERIFF DEPARTMENT AND OFFICERS KOZLOWSKI, SHELL, BERGER, DROSKE AND LABAZ'S MOTION FOR SUMMARY JUDGMENT(DOC. # 27)

INTRODUCTION

This 42 U.S.C. § 1983 lawsuit, pursued by *pro se* plaintiff Richard Howard, stems from the January 2004 arrest of plaintiff for delivery or manufacture of marijuana and assaulting, resisting or obstructing a police officer. Before the court are defendants' summary judgment motions. One is brought by defendant Macomb County Sheriff Department and its officers Kozlowski, Shell, Berger, Droske, and Labaz ("Macomb defendants"). The other is brought by St. Clair officers Lambert, Cohoe and Balch ("St. Clair defendants").[1] Because the court agrees that defendants had probable cause to

---

[1] Oral argument would not significantly aid the decisional process. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motions be resolved without oral argument.

arrest plaintiff and search the vehicle and because there are no issues of material fact concerning whether the officers employed excessive force or engaged in a conspiracy, defendants' motions are granted as set forth below.

**I. Background**

On January 22, 2004, County of Macomb Enforcement Team ("COMET") officers approached plaintiff in a McDonald's parking lot at 20405 Conant Street in Detroit, Michigan, where he was driving a gray Chevrolet Avalanche. Defendants arrested plaintiff, searched plaintiff's vehicle and found several pounds of marijuana in the bed of the truck. Plaintiff later pleaded guilty to possession with intent to deliver marijuana and assaulting, resisting or obstructing a police officer in the performance of his/her duties.[2]

Beyond the basic facts explained above, the plaintiff and the defendants present different accounts of the event. The following paragraph summarizes the defendants' versions of the facts. Earlier on January 22, 2004, before the COMET officers approached plaintiff, Detective Lehman of COMET received an anonymous tip that plaintiff would be driving a gray Chevrolet Avalanche at the McDonald's restaurant at 20405 Conant Street in Detroit, Michigan and would have approximately 5 pounds of marijuana. Detective Lehman then examined plaintiff's arrest record and discovered that there was a felony warrant for delivery or manufacture of marijuana out of the 37th District in Warren, Michigan and a warrant for plaintiff's arrest out of the St. Clair Shores Police Department for delivery or manufacture of marijuana. The COMET defendants

---

[2]Plaintiff asserts in his complaint that he was coerced by the prosecutor into taking the plea when the prosecutor stated that he would ask the Court for a 6 year prison sentence if plaintiff did not plead guilty. Plaintiff does not mention this again in the pleadings to this motion.

2

subsequently conducted surveillance of the Conant Street McDonald's. At around 9:30 p.m., a vehicle entered the parking lot that matched the description of the vehicle given in the tip, which was driven by a person who matched a description of the plaintiff. The officers observed the vehicle driving in circles suspiciously before attempting to leave the parking lot, they then approached the vehicle (wearing police insignia). When the police reached the vehicle, they could smell the odor of marijuana. The police then asked plaintiff to step out of the vehicle and he refused, until he was ordered to do so. Plaintiff made an attempt to run and the officers grabbed his arms. Plaintiff continued to struggle, despite the fact that several officers told him to stop resisting. Several officers were needed to restrain the plaintiff to handcuff him. The officers searched plaintiff's vehicle and found a black duffle bag containing seven pounds of marijuana, $2,477.00 in United States currency, a digital scale, plastic bags and rolling papers.

In his complaint, Plaintiff describes the events quite differently than the defendants. Plaintiff alleges the following facts either in his complaint or in his response to the defendants' motions for summary judgment, but provides no affidavits or depositions to support these allegations. After entering the drive through at the McDonald's, Plaintiff was accosted by four or five males in plain clothes who were wearing skull caps. The plaintiff saw guns and thought that he was being car jacked. Plaintiff asserts that the officers pulled him out of the vehicle and threw him on the ground. Plaintiff heard the officers called him "Moe" and overheard an officer stating that they had arrested the wrong guy.[3] Plaintiff suffered injuries as a result of the excessive

---

[3] Plaintiff also asserts that the police officers drove away the vehicle, instead of calling a tow truck, and describes being transferred to a few locations pursuant to various

3

force employed by the police officers and was seen by a nurse after he was processed at the Macomb County Jail.[4]

Plaintiff filed a complaint on November 22, 2005 alleging three counts. Count I alleges the defendants violated U.S. Const. amend. IV, XIV and Mich. Const. art. I § 11 by conducting an unreasonable search and seizure.[5] Count II alleges excessive force in violation of U.S. Const. amend. IV, XIV and Mich. Const. art. I § 11 . Count III alleges that defendants' actions violated "an overarching aim of both the United States Constitution and the Michigan Constitution to prohibit conspiracies to violate an individual's constitutional rights" when defendants "sought to cover-up an unlawful and poorly executed search and seizure." Compl. ¶¶ 148, 151.

## II. Summary Judgment

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See Redding v. St. Eward, 241 F.3d 530, 532 (6th Cir. 2001). The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice. The procedure is not a disfavored

---

warrants after his initial arrest, but the court finds that these contentions are not relevant to any of plaintiff's claims.

[4]Defendants do not admit or deny that plaintiff suffered injuries and was seen by a nurse. Instead, defendants argue that any force used was necessary to restrain plaintiff and that it was objectively reasonable.

[5]Mich. Const. art. I, § 11 guarantees the right to be free from unreasonable search and seizure.

4

procedural shortcut.  Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986); see also Cox v. Kentucky Dept. of Transp., 53 F.3d 146, 149 (6th Cir. 1995).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Amway Distributors Benefits Ass'n v. Northfield Ins. Co., 323 F.3d 386, 390 (6th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party.  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Redding, 241 F.3d at 532 (6th Cir. 2001).  "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original); see also National Satellite Sports, Inc. v. Eliadis, Inc., 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial."  First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 270 (1968); see also McLean v. 988011 Ontario, Ltd., 224 F.3d 797, 800 (6th Cir. 2000).  Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party.  Anderson, 477 U.S. at 248,

5

252. Rather, there must be evidence on which a jury could reasonably find for the non-movant. McLean, 224 F.3d at 800 (citing Anderson, 477 U.S. at 252).

### III.  Analysis

I. Count I Search and Seizure

    A. Macomb Defendants

Plaintiff asserts in his first claim that he was forced to submit to an unreasonable search and seizure in violation of the Fourth Amendment. Defendants make both factual and legal arguments to establish there was probable cause to arrest the plaintiff and search his vehicle. Defendants argue that the totality of the circumstances, including the tip received by Detective Lehman, plaintiff's suspicious behavior and his attempt to flee, are sufficient to establish probable cause. Further, the Macomb defendants argue that plaintiff cannot meet the requirements established in Heck v. Humphrey, 512 U.S. 477, 487 (1994), for contesting the constitutionality of his arrest or the defendants' use of force during the arrest. The Heck court held that,

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus...A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983.

Id. at 487.[6] In line with Heck, the Macomb defendants also cite Walker v. Schaeffer, 854 F.2d. 138, 142 (6th Cir. 1988), for the proposition that after a defendant pleads guilty in state court, defendant is estopped from contesting whether there was probable cause for the arrest in a civil case, especially when the plaintiff had a fair opportunity to litigate whether defendants violated his rights during the arrest. Id., at 142-143. In addition, a myriad of 6th Circuit unpublished opinions have applied the Heck analysis to cases where plaintiffs pleaded guilty to the underlying charge, finding that a subsequent § 1983 claim was "not cognizable because a ruling in [plaintiff's] favor would necessarily imply the invalidity of his conviction." Hempill v. Haglund, 45 Fed. Appx. 519, 520 (6th Cir. 2002); See also Fox v. Michigan State Police Department, 173 Fed. Appx. 372, 378 (6th Cir. 2006); Short v. Patrol Officer Geisinger, 1997 U.S. App. LEXIS 11390, 3 (6th Cir. 1997); Martin v. Girard, 2000 U.S. App. LEXIS 11454, 4-5 (6th Cir. 2000). In addition, the 6th Circuit stated in Hempill that plaintiff "is estopped by his guilty plea from now alleging that [defendants] lacked probable cause to stop and search him." 45 Fed. Appx. at 520.

Here, plaintiff pleaded guilty to possession with intent to deliver marijuana and assaulting, resisting or obstructing a police officer in the performance of his duties. Instead of pleading guilty in state court, the plaintiff could have contested whether

---

[6]The court notes that plaintiff briefly suggests in his response to defendants' motions for summary judgment that the officers lacked jurisdiction to arrest plaintiff in the city of Detroit and that they violated plaintiff's Fourth and Fifth Amendment rights when they did so. Just as with the other arguments that plaintiff makes regarding the Constitutionality of the arrest and the search, plaintiff's argument about the police being outside their jurisdiction is not cognizable as a finding in his favor would collaterally imply that his criminal conviction was invalid.

defendants violated his rights.[7] The plaintiff had sufficient opportunity to challenge whether defendants had probable cause for the arrest before pleading guilty or at the Ginther hearing where he attempted to withdraw his plea.Thus, plaintiff's guilty plea estops him from disputing whether there was probable cause for his arrest.[8] As a result, the court finds that plaintiff did not meet the requirements for challenging the constitutionality of his arrest or the search of his vehicle and dismissal of Count I is appropriate.[9]

Additionally, the officers argue that the search was properly conducted, because there was probable cause. The officers assert that they smelled marijuana when they approached the vehicle. Attached as Exhibit A to St. Clair defendants' motion for summary judgment is Officer Balch's affidavit to that effect. Officer Balch attests that once the officers approached the vehicle, they smelled a strong odor of marijuana coming from the vehicle. Since the defendants attest that they smelled marijuana and the plaintiff does not present any evidence to the contrary, there is no issue of material fact as to whether the police smelled marijuana.

---

[7]In addition, plaintiff also attempted to withdraw his plea at a hearing he requested under People v. Ginther, 390 Mich. 436, 443 (1973). After the plaintiff asserted his Fifth Amendment right to remain silent, the court dismissed the motion to withdraw his plea.

[8]Although the defendants argue in the alternative that the events of the night were sufficient to establish probable cause for the arrest, the court does not need to examine this argument, because the plaintiff pleaded guilty and the Heck analysis satisfies the requirements of probable cause.

[9]The Macomb defendants also assert that all the claims are barred against the Macomb County Sheriff Department by governmental immunity and the officers by qualified immunity, but the court need not address these issues as it has found no violation of plaintiff's Constitutional rights.

No Sixth Circuit case identified by the parties or considered by the court is directly on point, but an analysis of United States v. Foster, 376 F.3d 577, 588 (6th Cir. 2004) and cases in other circuits with similar facts demonstrate that there was probable cause for the search. In Foster, the Sixth Circuit found that there was probable cause for a search of the defendant's vehicle when the police officers had smelled marijuana in the defendant's vehicle, after the defendant had been stopped when he was outside his car. If probable cause was established in Foster when the defendant was not in his car when he first encountered the police, there is probable cause in this case where the defendants had probable cause to make an arrest, the defendant was in his car when he was first approached by the police and the officers discerned the odor of marijuana coming from the car. Furthermore, other circuits have found that once a car is lawfully stopped, the police have probable cause to search the vehicle if they smell marijuana. See United States v. Winters, 221 F.3d 1039, 1042 (8th Cir. 2000); United States v. Taylor, 162 F.3d 12, 22 (1st Cir. 1998); United States v. Barron, 472 F.2d 1215 (9th Cir. 1973).

Plaintiff argues that the marijuana was found in the bed of Plaintiff's truck, which was well beyond the scope of any search being conducted incident to Plaintiff's arrest.[10] The Supreme Court has held that if "probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that

---

[10] The distinction raised by the plaintiff in the complaint suggests an argument that the bed of the truck is outside of the scope of a search incident to arrest, rather than to prove that there was not probable cause to search the vehicle; however, construing the complaint in a light most favorable to the *pro se* plaintiff, the court has examined whether the distinction raised by the plaintiff impacted whether there was probable cause for the search of the bed of the truck.

may conceal the object of the search." United States v. Ross, 456 U.S. 798, 825 (1982). As such, once the police smelled marijuana, there was probable cause to search any part of the vehicle that could contain marijuana. Since a container in the bed of the truck could contain marijuana, the court agrees with the defendants that the police were permitted to legally search the bed of the truck.[11] [12]

### B. St. Clair Defendants

Generally, defendants Officer Lambert, Officer Cohoe and Officer Balch, the St. Clair officers, assert that they are entitled to summary judgment on plaintiff's first count due to their lack of involvement. Defendants Officer Cohoe and Officer Lambert assert that their only interaction with plaintiff was during a 2002 undercover investigation and that they were not present on the night that plaintiff alleges he was subjected to unreasonable search and seizure. Attached as exhibit A to these defendants' brief is Officer Balch's affidavit to that effect, in which he lists the officers that were present during the 2004 arrest. This list does not include Officer Cohoe or Lambert. Defendant

---

[11] Defendants cite Chimel v. California, 395 U.S. 752 (1969), for the proposition that police can conduct searches of the area within the defendant's immediate control during a lawful arrest. Since plaintiff was lawfully arrested, defendants were allowed to search the area within defendant's immediate control. However, plaintiff argues that the marijuana was found in the bed of plaintiff's truck, which was well beyond the scope of any search being conducted incident to plaintiff's arrest. Plaintiff's argument is in line with the holding that incident to arrest the police may search only the passenger compartment of the vehicle. NY v. Belton, 453 U.S. 453, 460 (1981). However, plaintiff has not disputed the officers' attestations concerning the smell of marijuana, which established probable cause and unquestionably legitimizes the search of the truck bed.

[12] Defendants assert that they discovered outstanding felony warrants for plaintiff prior to his arrest. Of course, if true, the existence of these warrants would provide independent justification for the arrest, and perhaps the search of plaintiff's vehicle, as well. However, no evidence of these warrants has been received, nor do defendants argue the validity of the search as incident to plaintiff's arrest.

10

Officer Balch attests that he was not the officer who arrested the plaintiff, and that he had no physical contact with the plaintiff. Plaintiff's response generally asserts a lack of probable cause for his arrest and for the search of the vehicle, but does not specifically place Officer Cohoe and Lambert at the scene or identify Officer Balch as being involved in the arrest.

To survive defendant's motion as to this count, plaintiff would need evidence that would allow a reasonable jury to find for the non-movant and cannot simply rely on allegations or denials in the non-movant's pleadings. See Anderson, 477 U.S. at 248, 252. In this case, plaintiff has simply presented allegations in the pleadings and in the response to the defendants' motions. These allegations have failed to create an issue of material fact as to whether Officer Cohoe and Officer Lambert were present at the 2004 arrest and since all of plaintiff's claims arise out of the plaintiff's 2004 arrest, the count I claims of unreasonable search and seizure against these officers are dismissed. Similarly, since the plaintiff has failed to raise an issue of material fact as to whether Officer Balch was involved in the arrest, the claim of unreasonable seizure against Officer Balch is dismissed. Neither defendants nor the plaintiff have stated whether Officer Balch assisted in the search of the vehicle, but regardless of whether he assisted in the search or not, the count I claims against Officer Balch of unreasonable search are dismissed, since there was probable cause to conduct the search as discussed above. Since Officers Balch, Lambert and Cohoe had little or no involvement with the 2004 arrest of the plaintiff and the subsequent search and because there was probable cause to search the vehicle, all count I claims of unreasonable search and seizure are dismissed as to these three defendants.

Count II-Excessive Force

Plaintiff asserts in Count II that the defendants violated his right to be free from excessive force as guaranteed by the Fourth Amendment of the United States Constitution and the Michigan Constitution art. I, § 11. Both the Macomb defendants and the St. Clair defendants cite Graham v. Connor, 490 U.S. 386, 388 (1989), for the proposition that excessive force claims are examined under the objective reasonableness standard. When an officer has the legal authority to stop or arrest a defendant, that authority "necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." Id. at 396. When determining whether an officer acted reasonably, courts should pay "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id. at 396. While plaintiff asserts that the officers pulled him for his vehicle and threw him to the ground, that he suffered injuries and that he had to be treated by medical personnel, plaintiff offers no affidavits or other evidence to support these assertions. Defendants, on the other hand, assert that they physically restrained plaintiff since he was resisting and needed to be handcuffed and offer evidence to support this assertion. Indeed, plaintiff was convicted on his guilty pleas of assaulting, resisting, and obstructing the police. Attached as Exhibit A to St. Clair defendants' motion for summary judgment is Officer Balch's affidavit to that effect. Officer Balch attests that plaintiff made an attempt to run and that the officers had to restrain him to handcuff him and take him into custody. Additionally, Officer Balch attests that "based upon his training and experience,

12

the amount of force used to arrest Mr. Howard was reasonable and necessary." Balch Aff. ¶ 7. Since the defendants attest that it was necessary to restrain the plaintiff and the plaintiff does not present any evidence to the contrary, there is no issue of material fact as to whether the police needed to restrain the plaintiff or if they acted reasonably under the circumstances. As a result, count II is dismissed as to all defendants.

Count III-Conspiracy to Violate Plaintiff's Constitutional Rights

In count III, plaintiff states that it "is the overarching aim of both the United States Constitution and the Michigan Constitution to prohibit conspiracies to violate an individual's constitutional rights" and that defendants violated these goals when they engaged in a conspiracy to violate plaintiff's Constitutional rights when they "sought to cover-up an unlawful and poorly executed search and seizure." Plaintiff does not cite a statute or Constitutional provision that the defendants violated. In their motions, the Macomb defendants referred to 42 U.S.C. § 1985 and the St. Clair defendants referred to 42 U.S.C. § 1983.

The St. Clair defendants cite Taylor v. City of Detroit, 368 F. Supp. 2d. 676, 693 (citing Dixon v. City of Lawton, 898 F.2d 1443, 1449 (10th Cir. 1990)), for the proposition that in order to survive summary judgment under 42 U.S.C. § 1983, plaintiff must raise an issue of material fact as to whether there was a constitutional deprivation. Since there was no constitutional deprivation here, plaintiff cannot survive summary judgment on a 42 U.S.C. § 1983 claim. In order to survive summary judgment on a 42 U.S.C. § 1985 claim, the plaintiff must raise an issue of material fact as to whether the defendants were motivated to engage in the conspiracy out of "race or class-based animus." Taylor, 368 F. Supp. 2d. at 694. Plaintiff has not alleged nor offered any

13

evidence that the defendants acted out of race or class based animus. As such, plaintiff cannot survive summary judgment on a 42 U.S.C. § 1985 claim. Since plaintiff cannot survive summary judgment on either a 42 U.S.C. § 1983 claim or a 42 U.S.C. § 1985 claim and plaintiff has offered no alternative provision under which plaintiff can survive summary judgment, plaintiff's third count is dismissed as to all defendants.

## V. Conclusion

For the reasons given above, defendants' motions for summary judgment are hereby GRANTED, and all pending claims are dismissed. Judgment will enter for defendants.

SO ORDERED.

Dated: July 18, 2007

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 18, 2007, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk

---